FILED IN DISTRICT COURT
OKLAHOMA COUNTY

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY** AUG 2 8 2020
**STATE OF OKLAHOMA**

RICK WARREN
COURT CLERK

45

**MARK HOWELL,**

    Plaintiff,

v.

**1) DUIT HOLDINGS, INC.,**

**2) PIONEER TRANSPORT, INC.,**

    Defendant.

Case No. CJ-2020-**2020-4071**

## PETITION

**COMES NOW THE PLAINTIFF**, and for his cause of action herein

alleges and states as follows:

1.     Plaintiff is Mark Howell, an adult resident of Oklahoma County,

    Oklahoma.

2.     Defendants are:

    A.     Duit Holdings, Inc., a domestic for profit business corporation

    operating in Oklahoma County, Oklahoma; and

    B.     Pioneer Transport, Inc., a domestic for profit business corporation

    operating in Oklahoma County, Oklahoma.

1

**EXHIBIT 1**

## CLAIMS AND VENUE

3.    Plaintiff's causes of action are for disability discrimination in violation of

the Americans with Disabilities Act ("ADA") and Oklahoma's Anti-

Discrimination Act, as well as interference and/or retaliation under the

Family Medical Leave Act ("FMLA").

4.    All of the acts described herein occurred in Oklahoma County and venue

is proper in this Court.

## STATEMENT OF FACTS

5.    Defendants each employed fifteen (15) or more employees during each of

at least twenty (20) weeks of the current or proceeding calendar year,

and are covered employers under the ADA. There is no minimum

employee requirement for the OADA.

6.    Defendants each employed at least fifty (50) employees within seventy-

five (75) road miles and are covered employers under the FMLA.

7.    Defendant Pioneer Transport is where Plaintiff performed his work

2

duties, controlled his schedule, managed Plaintiff, and paid Plaintiff.

8.  Defendant Duit Holdings owns Pioneer Transportation and upon information and belief provides resources to Pioneer, has similar owners and management, and share accounts with Pioneer.

9.  As a result of the facts set out in paras. 7 and 8, above, Defendants constituted a joint enterprise and/or an integrated entity regarding Plaintiff's employment.

10. Plaintiff was employed for Defendants for more than one year and worked in excess of 1,250 hours during the year preceding his claim. As a result, Plaintiff was a covered employee under the FMLA.

11. Plaintiff was an employee of Defendant from approximately December 15, 2015 until his termination on or around August 15, 2018. At the time of his termination, Plaintiff was a Heavy Haul Driver.

12. Plaintiff had a severe back injury in 2015 (not related to Defendants) which includes a diagnosis of foraminal stenosis, herniated nucleus

3

pulposus, pars fracture, and chronic severe back pain. As a result of this condition and without regard to ameliorative measures, Plaintiff experiences significant impairments to major life activities and major bodily functions including (but not limited to):

A.    Numbness in his back and legs, including difficulty walking and bending; and

B.    Chronic pain causing extreme interference with sleep;

C.    Plaintiff (to this day) cannot bend all the way to the ground.

13.    As a result of the condition(s) and symptoms outlined in Para. 12, above, Plaintiff is a disabled individual as defined by all three prongs of the ADA.

14.    The condition(s) and symptoms describe in Para. 12, above, constitutes a serious health condition as defined by the FMLA.

15.    Plaintiff underwent surgery on his back on or around February 21, 2018. As a result of this surgery, Plaintiff was initially given lifting restrictions

4

of no more than five (5) pounds.

16.  When Plaintiff disclosed these restrictions to Defendants, Jo Don
     Clanton (President of Pioneer Transportation) and Vic Johnson (Safety),
     advised Plaintiff that he could not come back to work until he secured a
     release allowing Plaintiff to lift at least forty (40) pounds.

17.  In summer 2018, Plaintiff received a release from his doctor allowing
     him to lift forty (40) pounds.

18.  Plaintiff notified Jo Don Clanton of his release, and was dispatched to
     pick up his vehicle at the office to return to work.

19.  However, when Plaintiff arrived at the office, Jeff Corbin, advised
     Plaintiff could not work unless he had a release for fifty (50) or more
     pounds.

20.  Plaintiff then contacted his physician and secured the release for fifty
     (50) pounds.

21.  When Plaintiff provided the second release to Defendants, Defendants

5

then told Plaintiff he could not return to work until he'd seen Defendants' doctor.

22. Thereafter, Plaintiff went to Defendants' physician, who advised it would only release Plaintiff up to forty (40) pounds, because as a clinic policy, the clinic does not provide releases up to fifty (50) pounds.

23. Defendants terminated Plaintiff's employment on the following day, citing the forty (40) pound restriction as the reason, and later citing Plaintiff's failure to complete FMLA paperwork, including that there was no job for Plaintiff to return to.

24. Such reasons are false and pretextual in that Plaintiff did secure a release of fifty (50) pounds, Defendants just would not accept it. Further, Defendants never offered or mentioned FMLA to Plaintiff, and he was never given the opportunity to complete the paperwork.

25. Further, Defendant posted Plaintiff's position on the day following his termination.

6

26.     At the least, Plaitiff's termination was motivated by Plaintiff's disability

and/or Plaintiff's leave due to his serious health condition.

27.     As a direct result of the Defendant's conduct the Plaintiff has suffered,

and continues to suffer, wage loss (including back, present and front pay)

and emotional distress/dignitary harm damages.

28.     Plaintiff has exhausted his administrative remedies by timely filing a

charge of discrimination on or around January 18, 2019. The EEOC

issued Plaintiff's right to sue letter on July 29, 2020, and Plaintiff

received such letter thereafter.  This complaint is timely filed within

ninety days of Plaintiff's receipt of his right to sue letter.

## COUNT I – DISABILITY DISCRIMINATION

Plaintiff incorporates the paragraphs above and further pleads as

follows:

29.     Discrimination due to Plaintiff's disability is prohibited by the ADA and

the OADA.

7

30.   Under the ADA and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

31.   Under the ADA, the Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

32.   Under the OADA, Plaintiff is entitled to liquidated damages in an amount equal to his wage losses.

33.   Because the actions of Defendant were willful, malicious, or in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## COUNT II – FMLA INTERFERENCE

Plaintiff incorporates the paragraphs above and further pleads as follows:

34.   Although Plaintiff was entitled to FMLA leave, Defendant never advised Plaintiff of his leave rights nor of the process for attaining such leave.

35.   Rather than allowing Plaintiff his protected leave, Defendant terminated

8

Plaintiff's employment while Plaintiff was off work due to his medical restrictions.

36.   Defendant then cited the lack of FMLA paperwork as a reason for Plaintiff's termination.

37.   Defendant's failure to advise Plaintiff of his FMLA rights, and/or the termination of Plaintiff's employment interfered with Plaintiff's exercise of his protected leave rights.

38.   Interfering with Plaintiff's protected leave rights is prohibited by the FMLA.

39.   Under the FMLA, Plaintiff is entitled to wages lost due to the termination of his employment.

49.   Because the actions of Defendant were willful, Plaintiff is entitled to liquidated damages on this claim.

## **PRAYER**

The actual damages under Plaintiff's claims exceeds Ten Thousand

9

Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor

of the Plaintiff and against the Defendant and assess actual, compensatory and

punitive damages together with pre- and postjudgment interest, costs,

attorney's fees and such other relief as this Court may deem equitable and

appropriate.

**RESPECTFULLY SUBMITTED THIS 28 DAY OF AUGUST 2020.**

D. Colby Addison, OBA # 32718
Leah M. Roper, OBA # 32107
The Center for Employment Law
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
Colby@CenterforEmploymentLaw.com
Leah@CenterforEmploymentLaw.com
Attorneys for Plaintiff
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

10