# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARK HOWELL**, <br>     Plaintiff, <br> v. <br> **DUIT HOLDINGS, INC. et al.**, <br>     Defendants. | **Case No. CIV-20-960-PRW** |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:      November 3, 2020

Appearing for Plaintiff:      Leah M. Roper
                                    D. Colby Addison

Appearing for Defendants:   Nathan Whatley

### Jury Trial Demanded ■ - Non-Jury Trial ☐

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   This is a case about an employee that was terminated after being out on medical leave. Plaintiff is a former employee of Defendants that alleges he was wrongfully terminated because of his disability. Additionally, Plaintiff alleges that he was subject to retaliation because of his FMLA leave and his FMLA leave was interfered with as well. Plaintiff was employed with Defendants from December 15, 2015, until August 15, 2018, as a Heavy Haul Driver. In February 2018, Plaintiff underwent surgery related to a back injury. After the surgery, Plaintiff was placed on lifting restrictions. Defendants informed Plaintiff that he may return to work upon receiving authorization from his physician to lift forty (40) pounds. In July or August 2018, Plaintiff's physician released him to work. Plaintiff requested that the physician provide him a note informing Defendants that he was authorized to lift at least forty (40) pounds. The physician complied. Plaintiff notified Defendants and

Defendants initially ordered Plaintiff to pick up his truck and start working. Later that day, Defendants contacted Plaintiff and stated that he could not work until he received a fifty (50) pound lifting restriction. Plaintiff contacted his physician and requested another note authorizing him to lift fifty (50) pounds. The physician complied. Plaintiff provided it to Defendants. Then Defendants said Plaintiff must see Defendants' physician. Plaintiff complied and Defendants' physician stated that he would only release Plaintiff to work with a forty (40) pound restriction as its clinic policy is to only allow to provide up to forty (40) pound restrictions and not fifty (50) pound restrictions. Defendants terminated Plaintiff the following day. Defendants further claimed that Plaintiff did not complete FMLA paperwork for medical leave; however, Plaintiff was never provided the paperwork. Defendants stated that Plaintiff's failure to complete the paperwork was consequential in its decision to terminate Plaintiff. Defendants advertised for Plaintiff's replacement the following day.

Defendants deny Plaintiff's allegations and claims, and further deny any violation of federal or state law relative to Plaintiff as alleged in Plaintiff's Complaint. The Plaintiff was not discriminated against on any basis. Likewise, charging party was not subject to any retaliation and never returned his FMLA paperwork.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   28 U.S.C. § 1331

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   a. Jurisdiction and venue are proper.
   b. Defendant Pioneer Transport, Inc.'s employee Jeff Corbin advised Plaintiff that he could not work unless he was released to lift fifty (50) or more pounds. Doc. 1-1, ¶ 19; Doc. 9, ¶ 19.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiff: Plaintiff seeks actual damages (including lost wages and benefits), compensatory damages, liquidated damages, and

punitive damages together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem equitable and appropriate.

<u>Defendants</u>: Defendants deny Plaintiff's allegations and claims. Specifically, Defendants incorporate by reference all defenses asserted in their Answer. At this time, Defendants do not seek damages against Plaintiff, but reserves the right to seek such damages and also to seek attorney fees and costs in defending this action.

Plaintiff was employed by Pioneer where he worked as a haul truck driver (Lowboy/Float Driver) from November 25, 2015 through August 15, 2018. Pioneer's main workforce consists of dump truck and haul truck drivers. Prior to beginning his employment with Pioneer, Plaintiff suffered an on-the-job injury to his back. Plaintiff requested leave for treatment/surgery to his back in February 2018, which Pioneer granted under FMLA. Pioneer provided paperwork regarding FMLA to Plaintiff, but Plaintiff failed to return the paperwork. Following release from his physician, Plaintiff sought to return to work. Plaintiff presented a CC-Form-5 dated August 14, 2018, showing a 50 pound lifting (occasionally), temporary restriction. Plaintiff's job description required minimum lifting of 50 pounds.

Plaintiff presented to McBride Orthopedic Clinic in Edmond for a FMCSA Driver Medical Qualification (per 49 CFR 391.45(f)) post-medical treatment/impairment. The physician determined that Plaintiff had a "40 lbs max lift" impairment, though the physician issued the Medical Examiner's Certificate. Plaintiff presented the certificate and medical paperwork to the company. After review, the company determined that the restriction on the medical certificate disqualified the Plaintiff from employment (based on the job description), that there were no other similar positions available, and that no reasonable accommodations could be made based on the nature of the work and requirements – dump truck and long haul drivers frequently lift 50 pounds or more. Moreover, because the Plaintiff failed to return the FMLA paperwork, the company was not required to hold Plaintiff's position open. The Plaintiff never requested an accommodation, nor did the Plaintiff submit for a resolution of conflicts of medical evaluation to FMCSA (49 CFR 391.47).

Plaintiff never engaged any protected activity. Plaintiff never made any report or complaint of discrimination. Thus, retaliation did not, and could not have played any role in decisions affecting the Plaintiff.

5.  **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**. Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    ☐ Yes   ■ No

6.  **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Plaintiff anticipates filing a motion for summary judgment, if warranted by the facts, and other trial-related motions.

    Defendants anticipate filing a motion for summary judgment and motions *in limine*. No motions are currently pending from Defendants.

7.  **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   ■ No
    If "no," by what date will they be made? November 3, 2020

8.  **PLAN FOR DISCOVERY**.

    A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on October 22, 2020.

    B.  The parties anticipate that discovery should be completed within eight (8) months.

    C.  In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Four (4) months.

    D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?
        ■ Yes   ☐ No

    E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ.

P. 26(f)(3)(D)?
■ Yes   □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
<u>Attached is a proposed protective order that the Parties jointly request the Court enter.</u>

F.  Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
_____

9.  **ESTIMATED TRIAL TIME**:        <u>2-3 days</u>

10. **BIFURCATION REQUESTED**:       □ Yes    ■ No

11. **POSSIBILITY OF SETTLEMENT**:
    □ Good    ■ Fair    □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:
    A.  Compliance with LCvR 16.1(a)(1) - ADR discussion:
        ■ Yes   □ No

    B.  The parties request that this case be referred to the following ADR process:
        □ Court-Ordered Mediation subject to LCvR 16.3
        □ Judicial Settlement Conference
        □ Other _____
        ■ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge?</u>   □ Yes   ■ No
14. <u>Type of Scheduling Order Requested</u>.  ■ Standard -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

5

*s/D. Colby Addison*
D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
Leah@CenterforEmploymentLaw.com
Colby@CenterforEmploymentLaw.com
ATTORNEYS FOR PLAINTIFF

*AND*

*s/ Nathan L. Whatley*
Nathan L. Whatley, OBA #14601
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
nathan.whatley@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS**